**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HAKOB AMLIKYAN, | No. 13-71071 |
| Petitioner, | Agency No. A098-826-345 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2015[**]

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Hakob Amlikyan, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. *Alphonsus v. Holder*, 705 F.3d 1031, 1036-37 (9th Cir. 2013). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and review de novo claims of due process violations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We deny the petition for review.

Even if credible, substantial evidence supports the agency's finding that Amlikyan's experiences in Armenia, including police visits to his family's home, did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003). We reject Amlikyan's due process contention that his father was not given an opportunity to testify in support of Amlikyan's past persecution claim. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process claim). Substantial evidence also supports the agency's finding that Amlikyan did not establish a well-founded fear of persecution in Armenia. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We reject Amlikyan's contention that the IJ should have continued proceedings to allow Amlikyan an opportunity to obtain corroboration. *See Lata*, 204 F.3d at 1246. Thus, Amlikyan's asylum claim fails.

13-71071

Because Amlikyan failed to meet the lower standard of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's denial of CAT relief because Amlikyan failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to Armenia. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

This dismissal is without prejudice to petitioner's seeking prosecutorial discretion or deferred action from the Department of Homeland Security. *See Reno v. American-Arab Anti-Discrimination Committee (AADC)*, 525 U.S. 471, 483-85 (1999) (stating that prosecutorial discretion by the agency can be granted at any stage, including after the conclusion of judicial review).

**PETITION FOR REVIEW DENIED.**